Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7301 | **DATE** | 9/19/2012 |
| **CASE TITLE** | George Ellis Anderson, Sr. (B-64050) vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Stateville Correctional Center officials to deduct $5.61 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall: (1) issue summonses for service of the complaint on the Defendants and (2) attach a Magistrate Judge Consent Form to the summonses for Defendants. Plaintiff's motion for appointment of counsel [4] is granted. The Court appoints Lisa Ann Iverson of Neal and McDevitt, 1776 Ash Street, Northfield, Illinois, 60093, (847) 441-9100, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, George Ellis Anderson, Sr., a prisoner at Stateville Correctional Center, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $5.61. The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement, currently Stateville Correctional Center, is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Stateville trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred to another facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that from June 1, 2011 through June 22, 2011, he was housed in a cell that had no running water. As a result, Plaintiff had no water to drink nor to clean himself. Plaintiff repeatedly asked the Correctional Officer/Sergeant Defendants for water during the time frame and to be taken for a shower since he could not wash. Plaintiff was repeatedly refused water and a shower. Occasionally, Plaintiff was given ice but the ice was not clean and, when melted, was not drinkable. Plaintiff informed Warden Hardy and Assistant Warden Edwards about not having running water multiple times but they failed to take corrective action.

Plaintiff has sufficiently pled a claim based on the conditions of his confinement against the named Defendants. The named Defendants must respond to the complaint.

The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is

| STATEMENT |
|---|
| directed to make all reasonable efforts to serve Defendants.  With respect to any former Stateville Correctional Center employee who can no longer be found at the work address provided by Plaintiff, Stateville Correctional center and/or the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address.  The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file, nor disclosed by the Marshal.  The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br><br>      Plaintiff's motion for appointment of counsel is granted.  The Court appoints Lisa Ann Iverson of Neal and McDevitt, 1776 Ash Street, Northfield, Illinois, 60093, (847) 441-9100, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. |